UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| WILDEARTH GUARDIANS, et. al., | Case No. 1:24-cv-00557-LF-KK |
| Petitioners, | |
| v. | PETITIONERS' MOTION TO STAY PROCEEDINGS |
| The UNITED STATES FOREST SERVICE, et al., | |
| Federal Respondents. | |

Petitioners WildEarth Guardians, Western Watersheds Project, and Caldera Action respectfully request that this Court temporarily stay proceedings in this matter. Pursuant to Local Rule of Civil Procedure 7.1(a), Petitioners have conferred with Respondents the U.S. Forest Service ("Forest Service") and the U.S. Fish and Wildlife Service ("Fish & Wildlife Service"), which have not stated a position.[1] In support of this Motion, Petitioners state the following:

1.    This matter is before this Court on Petitioners' First Amended Petition for Review of Agency Action, ECF No. 18-1, alleging multiple violations of the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531–44, and seeking declaratory and injunctive relief regarding the Forest Service's grazing program on the Santa Fe National Forest ("Forest"), the ongoing presence of trespass cattle from the Forest on the neighboring Valles Caldera National Preserve ("Preserve"), and the effects of grazing and trespass cattle on threatened and endangered species.

---

[1] Petitioners contacted Respondents regarding this matter on July 2, 2026 and have repeatedly asked for Respondents' position on this Motion. Respondents have stated that they believe the interim deadline to assert objections to the provisional administrative record applies but have not stated their position on the proposed stay.

MOTION TO STAY—1

2.      On February 5, 2024, Petitioners submitted a notice of intent ("Second NOI") to bring suit against Respondents based on the authorization of grazing on eleven Forest Service allotments abutting the Preserve: the Alamo, Del Norte, Peralta, Las Conchas, V-Double Slash, Cebolla-San Antonio, Penas Negras, Coyote, Youngsville, Mesa del Medio, and Chicoma allotments ("Allotments"). ECF No. 31-6. Grazing on the Allotments was covered by the *Final Biological Opinion for Implementation of Ongoing Term Grazing Permits on the Coyote, Cuba, Espanola, and Jemez Ranger Districts of the Santa Fe National Forest* (July 2018) ("2018 BiOp") and the *Biological Opinion for Cebolla/San Antonio and San Diego Grazing Allotments* (Dec. 21, 2020) ("2020 BiOp").

3.      Petitioners asserted, *inter alia*, that Respondents must reinitiate consultation because the 2018 and 2020 BiOps did not address the effects of trespass cattle on the Jemez Mountains salamander, Mexican spotted owl, and New Mexico meadow jumping mouse. *See* Second NOI at 32–35. Petitioners also alleged that reconsultation was required because take on the Allotments themselves had exceeded permissible levels. *See id*.

4.      The Forest Service responded to Petitioners' Second NOI on March 27, 2024, but did not address Petitioners' allegations of excess take on the Allotments or express an intent to reinitiate ESA consultation. *See id.*, *throughout*. The Fish & Wildlife Service responded separately on April 19, 2024, stating that the agencies planned to reinitiate consultation on the Cebolla-San Antonio, but it did not address the other 10 Allotments at issue or Petitioners' allegations of excess take. Exhibit 2 at 1–2.

5.      On June 4, 2024, Petitioners filed suit concerning Forest Service's authorization of grazing on the Allotments. *See* ECF No. 1 ¶¶ 128–71. Petitioners alleged multiple violations of

MOTION TO STAY—2

ESA Sections 7 and 9 and challenged the agencies' failure to reinitiate consultation on the actions covered by the 2018 and 2020 BiOps. *Id.*

6.      On August 13, 2024, Petitioners submitted a third notice of intent, realleging their previous claims and adding a direct challenge to the 2018 and 2020 BiOps. *See* ECF No. 31-3 at 20–21 ("Third NOI").  Respondents did not reply to the Third NOI.

7.      On October 25, 2024, Petitioners filed an amended petition, again challenging the agencies' failure to reinitiate consultation on the 2018 and 2020 BiOps and challenging them directly. *See* ECF No. 18-1 ¶¶ 167–219 ("First Amended Petition").

8.      On December 19, 2024, Respondents filed a partial motion to dismiss, ECF No. 31, and on August 22, 2025, this Court dismissed several of Petitioners' claims, including their direct challenge to the validity of the 2018 BiOp. *See* ECF No. 37 at 13–15. Explaining that "petitioners 'fail[ed] to identify any ongoing consultation to which ESA Section 7(d)'s requirements would attach," this Court also dismissed Petitioners' Section 7(d) claim. *Id.* at 17 (quoting ECF No. 31 at 21; ECF No. 35 at 11). However, this Court further noted that "[i]f the Forest Service and FWS ultimately engage in formal ESA consultation, petitioners remain free to bring a lawsuit based on § 7(d)'s requirements." *Id.* at 19.

9.      Petitioners' claims based on failure to reinitiate consultation on the grazing authorizations covered by the 2018 BiOp and 2020 BiOp remained at issue. *See id.* at 15–17.

10.      On August 29, 2025, the parties moved to stay this matter while they conducted settlement negotiations. *See* ECF No. 38; ECF No. 46. Talks between the parties continued until March 2026 but were ultimately unsuccessful. *See* ECF No. 49 at 1.

MOTION TO STAY—3

11.     On April 13, 2026, the parties jointly proposed a schedule which this Court adopted on April 17, 2026. ECF 52. As per that schedule, Respondents gave Petitioners a provisional administrative record on June 16, 2026 ("Record"). *See id*. at 1.

12.     The Record revealed that Respondents had, in fact, reinitiated consultation regarding grazing on four of the Allotments at issue in this case within one year of Petitioners' original petition. Exhibits 3–6 ("2024 BAs"). The Record also demonstrated that Respondents had been aware at least since 2022 that take on the Allotments had exceeded permissible levels for more than two consecutive years, triggering ESA reconsultation—just as Petitioners had alleged. *See* Exhibit 7 at 9; ECF No. 21 at ¶¶ 182–85.

13.     Specifically, the Record contains BAs for the Youngsville and Chicoma Allotments dated July 9 and July 15, 2024, respectively, both of which postdate Petitioners' original petition but predate Respondents' partial motion to dismiss. *See* Exhibits 3 & 4; ECF Nos. 21 & 31. The Record also contains a January 23, 2025 BA for the Mesa Del Medio Allotment and a May 22, 2025 BA for the Coyote Allotment, both issued while Respondents' motion was pending. *See* Exhibits 5 & 6; ECF Nos. 31 & 32.

14.     The Record further contains the corresponding biological opinions for each of these Allotments. Exhibits 7–10 ("2025 BiOps"). The BiOps for the Chicoma, Mesa del Medio, and Youngsville Allotments were all issued on June 26, 2025, prior to this Court's August 22, 2026 Order partially dismissing the First Amended Petition. *See* Exhibits 7–9; ECF No. 37. The BiOp for the Coyote Allotment was issued on September 26, 2025, one month after this Court's Order. *See* Exhibit 10.

15.    Respondents had never previously disclosed these renewed consultations to Petitioners or this Court.[2]

16.    Respondents did not disclose any intent to reinitiate consultation in their responses to the Petitioners' Second NOI, although they were already aware that excess take had triggered the need to reconsult on at least four Allotments. *See* Exhibits 1 & 2. Respondents never replied to Petitioners' Third NOI, which postdated reinitiation of formal consultation on the Youngsville and Chicoma Allotments.

17.    Respondents did not disclose the then-ongoing formal consultations in their December 19, 2024 motion to partially dismiss. Indeed, Respondents successfully moved to dismiss Petitioners' Section 7(d) challenge (Claim 4) on grounds that the claim was inapplicable when "consultation has *not* been reinitiated." ECF No. 31 at 17 (emphasis added); *see also* ECF No. 35 at 5 (discussing "information the Forest Service considered in deciding *not to reinitiate consultation* following issuance of the 2018 BiOp") (emphasis added).[3]

18.    Respondents did not disclose the new consultations during the six months of settlement negotiations, although the 2025 BiOps had all been released by that time. *See* ECF No. 38; ECF No. 49; Exhibits 7–10.

---

[2] Unlike documents issued pursuant to the National Environmental Policy Act, biological assessments and opinions are not publicly noticed. Petitioners are unaware of any means by which they might reasonably have been expected to learn of the 2024–2025 consultations other than voluntary disclosure by Respondents. Because Petitioners challenged Respondents' failure to reinitiate consultation on the Allotments, Petitioners reasonably believed that Respondents would inform them if consultation was reinitiated on the Allotments.

[3] Respondents continued to allow grazing on the Allotments, and trespass cattle continued to be found on the Preserve, while this reconsultation was underway. Respondents once again authorized grazing on the Cebolla-San Antonio Allotment this spring, although formal consultation was underway and remains ongoing, and trespass cattle have again been documented on the Preserve this summer.

MOTION TO STAY—5

19.    During settlement negotiations, Respondents also reinitiated consultation regarding grazing on the Cebolla-San Antonio, which is under the 2020 BiOp. *See* Exhibit 12 (reinitiating formal consultation on Dec. 12, 2025). Respondents failed to disclose this renewed consultation until the Record was released. To the best of Petitioners' knowledge, that consultation is still ongoing.

20.    Petitioners request this stay because they intend to submit a notice of intent to bring suit regarding the 2025 BiOps and, when complete, the Cebolla-San Antonio BiOp. If Respondents do not rectify their violations of the ESA pertaining to the new consultations and new biological opinions, Petitioners will seek leave to file an amended/supplemental petition.[4] This would satisfy the ESA's notice requirement. *See* 16 U.S.C. § 1540(g)(2)(A)(i).

21.    As explained above, Petitioners could not previously have given notice of a potential challenge to the 2025 BiOps because Petitioners only recently learned that the 2025 BiOps existed—and parties "cannot give notice for a claim before they even conceive of bringing the claim." *Zands v. Nelson*, 779 F. Supp. 1254, 1258–59 (S.D. Cal. 1991). This is not a situation "where a claim is in the initial complaint, notice is given, and then the same claim is in the amended complaint." *Forest Guardians v. U.S. Bureau of Reclamation*, 462 F. Supp. 2d 1177, 1184–86 (D.N.M. 2006) (quoting and factually distinguishing *Zands*, 779 F. Supp. at 1258–59).

22.    No action challenging the 2025 BiOps has been commenced, the parties are not "in an adversarial posture" as to the 2025 BiOps, and so Petitioners may properly challenge the 2025

---

[4] Respondents' reconsultation on five of the Allotments does not affect Petitioners' Section 9 claims or their Section 7 claims regarding the other six Allotments at issue in this case, which are still covered by the 2018 BiOps. *Cf. Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1111–13 (10th Cir. 2010) (explaining that challenge to superseded biological opinions was moot because they no longer had *any* legal effect). This case will therefore move forward on these claims despite the recently disclosed 2025 BiOps.

MOTION TO STAY—6

BiOps 60 days after notifying Respondents of the alleged violations. ECF No. 31 at 20; *see also Nat. Res. Def. Council v. Haaland*, 102 F.4th 1045, 1072 (9th Cir. 2024) (holding that the ESA "does not require the plaintiff to file an entirely separate lawsuit after giving 60 days' notice" where plaintiffs supplemented their complaint with a new ESA claim regarding a new biological opinion). Likewise, the biological opinion regarding grazing on the Cebolla-San Antonio Allotment has not yet been released, is not currently at issue in this case, and therefore, once it is finalized, may also be challenged after proper notice.

23.     Therefore, Petitioners respectfully request that this Court set aside its scheduling Order of April 17, 2026 and temporarily stay this matter so that Petitioners may properly notify Respondents of their potential challenges to the new BiOps. Petitioners further request that this Court order Respondents to inform Petitioners and this Court when the Cebolla-San Antonio BiOp is issued. Within 90 days of Respondents' notification, Petitioners shall either seek leave to file a second amended/supplemental petition or, with Respondents, jointly propose a new case management schedule. Given this case's procedural history, Petitioners may also seek an expedited case management schedule. Petitioners further respectfully request that this Court order Respondents to inform them if consultation is reinitiated on any of the Allotments at issue.

24.     Petitioners do not request this stay for any dilatory purpose, nor have they acted in bad faith or been less than reasonably diligent in seeking to amend or supplement their petition. *Cf. Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (discussing standards for amendment). Rather, this temporary stay is necessary due to Respondents' extended failure to disclose their renewed ESA consultations.

25.     If a status conference or status reports from the parties would assist this Court in its deliberations, Petitioners would welcome a further order to that effect.

MOTION TO STAY—7

Respectfully submitted this 16th day of July, 2026.

*/s/ Erin Hogan-Freemole*
Erin Hogan-Freemole, PHV
971-417-6851 │ ehoganfreemole@wildearthguardians.org
Samantha Ruscavage-Barz (NM Bar No. 23276)
505-401-4180 │ sruscavagebarz@wildearthguardians.org
WILDEARTH GUARDIANS
301 N. Guadalupe St., Ste. 201
Santa Fe, NM 87501

Megan Backsen, PHV
719-207-2493 │ megan@westernwatersheds.org
WESTERN WATERSHEDS PROJECT
P.O. Box 6774
Reno, NV 89513

*Counsel for Petitioners*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of July, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Erin E. Hogan-Freemole*

*Counsel for Petitioners*

MOTION TO STAY—8